IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAUNA MCROBERTS,

    Plaintiff,

v.

CITY OF OVERLAND PARK,
KANSAS, et al.,

    Defendants.

Case No. 21-2470-DDC-TJJ

## MEMORANDUM AND ORDER

Pro se plaintiff Shauna McRoberts[1] brings this action against the City of Overland Park, Kansas, the Board of Commissioners of Johnson County, Kansas, and several officials or employees of those entities. *See generally* Doc. 1. She asserts civil rights violations based on an alleged unlawful arrest and detention. *Id.* This matter comes before the court on plaintiff's Objection (Doc. 9) to Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 5), recommending that the district court deny plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3). Plaintiff's Objection includes an amended Affidavit of Financial Status (Doc. 9 at 4–9) that, plaintiff explains, provides "[c]omprehensive details of Plaintiff's updated assets and

---

[1] Plaintiff has filed this lawsuit pro se. Generally, courts must construe pro se pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But here, plaintiff asserts that she is a "licensed attorney in the state of Missouri, in good standing." Doc. 1 at 8 (Compl. ¶ 25). And, our Circuit "has repeatedly declined to extend the benefits of liberal construction to pro se pleadings filed by attorneys who have chosen to represent themselves." *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624–25 (10th Cir. 2018) (citations omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citations omitted)). Consistent with this governing authority, the court doesn't apply the liberal construction standard to plaintiff's filings here because she asserts that she is a licensed attorney in good standing.

obligations[,]" (*id.* at 2), compared to the original Affidavit of Financial Status that she submitted with her Motion to Proceed Without Prepayment of Fees (Doc. 3-1). After reviewing the additional evidence plaintiff has supplied about her financial condition, the court sustains her Objection to the Report and Recommendation (Doc. 9) and grants plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).

## I. Background

On October 18, 2021, plaintiff filed a Motion to Proceed Without Prepayment of Fees. Doc. 3. She attached to her motion an Affidavit of Financial Status. Doc. 3-1. Based on the information plaintiff submitted with her motion, Judge James issued a Report and Recommendation, recommending that the district court deny plaintiff's motion. Doc. 5.

Judge James correctly explained "the *in forma pauperis* statute," 28 U.S.C. § 1915(a)(1), permits the court to "'authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor.'" *Id.* at 1–2 (quoting 28 U.S.C. § 1915(a)(1)). After reviewing plaintiff's Affidavit of Financial Status, Judge James concluded that plaintiff "has sufficient financial resources to pay the filing fee" based on plaintiff's "existing assets and low living expenses." *Id.* at 3–4.

Specifically, Judge James noted that plaintiff's Affidavit reported she is single with no dependents and currently unemployed. *Id.* at 3. But also, it asserted that plaintiff has more than $9,000 in cash on hand and receives monthly disability benefits. *Id.* The Affidavit recited that plaintiff's monthly living expenses amount to $103 for a phone. *Id.* And, the Affidavit reported that plaintiff has about $24,000 in credit card debt, but the total minimum monthly payment on

the debt is about $500 per month. *Id.* Based on this information, Judge James concluded that plaintiff "has adequate cash on hand to cover her monthly expenses for more than a year and still have adequate reserves to pay the civil filing fee of $402." *Id.* Thus, Judge James found that plaintiff is capable financially of paying the filing fee. *Id.* at 3–4. And, Judge James recommended that the district court deny plaintiff's Motion to Proceed Without Prepayment of Fees. *Id.* at 4.

On November 11, 2021, plaintiff filed an Objection to Judge James's Report and Recommendation. Doc. 9. Plaintiff's Objection explains that her "situation [has] changed" from the time that she submitted her initial Affidavit of Financial Status. *Id.* at 1. She asserts several changes. *First*, plaintiff asserts, when she submitted her initial Affidavit, she was living temporarily with her parents and borrowing their car. *Id.* But, on October 22, 2021, plaintiff entered a one-year rental contract, and she now pays $1,200 per month to rent a small house. *Id.* at 1–2. Also, plaintiff reports that she now is paying monthly utilities and insurance for her rented home. *Id.* at 2. *Second*, plaintiff asserts, she purchased a used vehicle for $14,000. *Id.* This too happened on October 22, 2021. *Id.* Plaintiff has financed $10,000 of the vehicle's purchase price. *Id.* And, she now owes payments on that financed amount, due in monthly installments. *Id.* *Third*, plaintiff explains that her cash on hand as reported in her initial Affidavit was inflated because she recently received a one-time back payment for disability compensation from the Department of Veterans Affairs ("VA"). *Id.* But, plaintiff reports that she still receives "a monthly disability compensation" from the VA "in the amount of $3,146.42[.]" *Id.* *Last*, plaintiff asserts that she "fail[ed] to read carefully and did not list even half the credit card accounts, *i.e.*, debt obligations she is currently paying." *Id.* So, plaintiff

submitted an amended Affidavit with her Objection—one that, plaintiff explains, provides "[c]omprehensive details of Plaintiff's updated assets and obligations[.]" *Id.*

The amended Affidavit again reports that plaintiff is single with no dependents and currently is unemployed. *Id.* at 4–5. Her Affidavit doesn't report any other income, although the Objection reports that plaintiff receives $3,146.42 monthly in disability benefits. *Id.* at 2. Plaintiff now reports her amount of cash on hand as $1,819.83. *Id.* at 7. And, she reports monthly expenses of $200 for her car payment, $1,200 for rent, and about $1,000 in other monthly household expenses. *Id.* at 7–8. Also, plaintiff reports additional credit card debt totaling about $33,000, but the minimum monthly payments for the debt amounts to about $900.

Based on the information provided in plaintiff's amended Affidavit, her monthly expenses total about $3,300, just slightly exceeding the monthly payment of $3,146.42 she receives in disability benefits. Plaintiff asserts that her current financial condition—as reported in her amended Affidavit of Financial Status—warrants the court granting her leave to proceed *in forma pauperis*.

**II.     Legal Standard**

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation." *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995)). And, as just stated, a court may "receive further evidence" when deciding an objection to the magistrate judge's recommendations. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "Whether to receive additional evidence is committed to the Court's sound discretion." *Kelly-Leppert*, 2020 WL 2507634, at *2 (citing *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006)).

### III. Analysis

Like Judge James did in her Report and Recommendation, the court applies 28 U.S.C. § 1915(a)(1) to determine whether plaintiff qualifies to proceed *in forma pauperis*. The statute requires plaintiff to show that she "is unable to pay [the] fees or give security therefor." 28 U.S.C. § 1915(a)(1).[2] The court has "wide discretion" when deciding whether to permit a litigant to proceed *in forma pauperis*. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (citation and internal quotation marks omitted). But, the court may not rule such requests arbitrarily or erroneously. *Id.* (citation omitted). So, "to succeed on a motion to proceed [*in forma pauperis*]," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support

---

[2] Although the statute speaks of incarcerated individuals, it "applies to all persons applying for [*in forma pauperis*] status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted)

of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Exercising its broad discretion here, the court finds that plaintiff has made this requisite showing. Her amended Affidavit of Financial Status shows that she is unable to pay the required filing fee. Plaintiff has minimal assets, significant debt, and her monthly expenses (which the court finds reasonable) exceed her monthly income by about $150. And, although plaintiff has some cash on hand, the court won't require her to deplete almost half of those funds to pay the filing fee when her current financial condition has a monthly net shortfall of about $150. Also, the court finds that plaintiff's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action" by asserting violations of 42 U.S.C. § 1983 and Kansas common law based on an alleged unlawful arrest and detention. *Lister*, 408 F.3d at 1312.

In sum, given the additional and updated evidence plaintiff has provided about her financial status, the court finds that she has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations. *Id.* Thus, the court sustains plaintiff's Objection (Doc. 9) and grants her Motion to Proceed Without Prepayment of Fees (Doc. 3).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Shauna McRoberts's "Objections to Report and Recommendations" (Doc. 9) is sustained.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is granted. Under 28 U.S.C. § 1915(a)(1), plaintiff may commence this action without prepayment of fees or security therefor. The court directs the Clerk of the Court to prepare Summons for defendants on plaintiff's behalf. Also, the court directs the Clerk of the Court to issue the Summons to the United States Marshal or Deputy Marshal, who the court appoints to effect service. Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

**Dated this 18th day of November, 2021, at Kansas City, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**