## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHAUNA MCROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-2470-DDC-TJJ |
| | ) | |
| KENDRICK ROSAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Motion of City Defendants for Protective Order (ECF No. 65).[1] Pursuant to Fed. R. Civ. P. 26(c) and D. Kan. Rule 26.2(a), City Defendants ask the Court to order that the City of Overland Park need not respond to a request by Plaintiff—who proceeds *pro se*—under the Kansas Open Records Act ("KORA") while discovery is stayed pursuant to ECF No. 53. As set forth below, the Court grants City Defendants' motion.

### I.    Relevant Background

The following summary of relevant events sets the stage for this motion:

- December 29, 2021: This Court stayed discovery pending the resolution of motions to dismiss raising the qualified immunity defense.

- February 17, 2022 (Thursday): Pursuant to KORA, Plaintiff requested from the City of Overland Park attorney, Eric Blevins, the case file associated with her arrest.

- February 19, 2022 (Saturday): Mr. Blevins responded to Plaintiff's email, acknowledging her KORA request and saying he would check back with her on or before March 4, 2022

---

[1] "City Defendants" refers to Defendants Kendrick Rosas and Dylan Hawkins, Overland Park, Kansas police officers.

Case 2:21-cv-02470-DDC-TJJ   Document 72   Filed 05/16/22   Page 2 of 7

regarding the status of her request.

- <u>February 19, 2022:</u> City Defendants' counsel in this case, Michael Seck, responded to Plaintiff by email, (1) advising her that he should have been copied on the KORA request, (2) asking her to withdraw the request because of the discovery stay in this case, and (3) representing that courts in the Tenth Circuit have ruled that an "end around" using KORA to request documents during a discovery stay is not permitted.[2]

- <u>February 19, 2022:</u> Plaintiff responded to City Defendants' counsel, reiterating that she was requesting open records and asking for the case law he referred to.

- <u>February 20, 2022 (Sunday):</u> Plaintiff emailed Mr. Blevins and City Defendants' counsel again, stating that she has a statutory right to view the records, regardless of this pending suit. She also stated, "I have no plans to withdraw the KORA request."[3]

- <u>February 20, 2022:</u> City Defendants' counsel replied, "Understood."[4]

- <u>February 20, 2022:</u> Plaintiff emailed City Defendants' counsel again, stating, "If you have authority showing otherwise, as you stated, please send. Though I consider these separate matters—KORA request versus federal lawsuit—I will cc you in the future."[5]

- <u>February 21, 2022 (Monday):</u> Federal holiday.

- <u>February 23, 2022 (Wednesday):</u> City Defendants' counsel filed the instant motion for protective order.

## II.   Whether City Defendants Met Their Duty to Confer

Plaintiff urges the Court to deny City Defendants' motion on the ground that City

---

[2] ECF No. 66-2 at 1.
[3] ECF No. 66-3 at 1.
[4] ECF No. 69-1 at 5.
[5] *Id.* at 6.

Defendants failed to comply with the meet-and-confer requirements of Fed. R. Civ. P. 26(c)(1) and D. Kan. Rule 37.2. City Defendants certify that their counsel communicated by email with Plaintiff, he requested withdrawal of the KORA request, and Plaintiff rejected City Defendants' request. City Defendants then explain that "[b]ecause [Plaintiff] is a *pro se*, counsel did not attempt to communicate in person or by telephone, particularly because of the time limitations presented by KORA."[6] In City Defendants' reply brief, City Defendants argue that D. Kan. Rule 37.2 did not require them to confer with Plaintiff further because the rule requires the attorney for the moving party to "confer[] or . . . [make] reasonable effort to confer with <u>opposing counsel</u> . . . ."[7] Although Plaintiff represents that she is a licensed attorney in Missouri, City Defendants approached the motion as if she were truly proceeding *pro se*—not as "opposing counsel"—and did not communicate in person or by telephone to "maintain a clear record of any discussions."[8] In any event, City Defendants argue, their efforts were reasonable because of the time limitations presented by KORA and Plaintiff's clear position that she would not withdraw her request.

When a party seeks a protective order, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[9] Moreover, a court in this district

> will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification . . . related to the efforts of the parties to resolve discovery . . . disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing

---

[6] ECF No. 66 at 2.
[7] D. Kan. R. 37.2 (emphasis added by City Defendants).
[8] ECF No. 71 at 2.
[9] Fed. R. Civ. P. 26(c)(1).

> a letter to the opposing party. It requires that the parties in good
> faith converse, confer, compare views, consult, and deliberate, or
> in good faith attempt to do so.[10]

The Court finds that City Defendants' single email asking Plaintiff to withdraw her request, without ever responding to her two requests for caselaw, does not constitute a "reasonable effort to confer" under D. Kan. Rule. 37.2. The Court further finds that City Defendants were required to make a reasonable effort, despite the fact that Plaintiff proceeds *pro se*. This Court repeatedly has declined to limit Rule 37.2 to "opposing counsel" only or to absolve *pro se* plaintiffs from its requirements.[11] Also, notably, Fed. R. Civ. P. 26(c)(1) refers to "other affected parties"—not only counsel. City Defendants' argument that Local Rule 37.2 or Federal Rule 26(c)(1) does not require a reasonable effort to confer with a *pro se* plaintiff is meritless.

The Court also finds that KORA's time limitations, in this instance, do not render City Defendants' counsel's efforts reasonable. Because Mr. Blevins originally told Plaintiff he would respond further by March 4, 2022, it is unclear which KORA deadline City Defendants are referring to. The statutory scheme provides a three-business-day deadline to "act upon" a request for public records, but allows the custodian to give a detailed explanation for a delay—which Mr. Blevins arguably did on February 19, 2022, telling Plaintiff he would respond further by March 4, 2022.[12] Under Kan. Stat. Ann. § 45-254(b), however, the custodian has twenty days to

---

[10] D. Kan. R. 37.2.

[11] *Brown v. Brotherton*, No. 07CV2192-JAR-GLR, 2007 WL 4144958, at *2 & n.5 (D. Kan. Nov. 20, 2007) (citing *Bracken v. Shield*, Civ. A. No. 06-2405-JWL-DJW, 2007 WL 1805800, at * 1 (D. Kan. June 22, 2007) (applying D. Kan. 37.2 to pro se plaintiff); *Boatright v. Larned State Hosp.*, Civ. A. No. 05-3183-JAR, 2007 WL 1246220, at *2 (D. Kan. Apr. 27, 2007) (same). *But see Delkhah v. Moore*, Civ. A. No. 04-2543-KHV, 2006 WL 681119, at *2 (D. Kan. Mar. 14, 2006) (acknowledging the court could have denied the motion for failure to confer, but instead denying *pro se* plaintiff's motion to compel on merits)).

[12] Kan. Stat. Ann. § 45-218(d).

allow a requester to listen to or view law enforcement body or vehicle camera recordings (which were included in Plaintiff's request). Based on these two deadlines (and City Defendants cite <u>no</u> specific deadlines—not even the two the Court references), the Court finds no urgency that necessitated filing the motion for a protective order without further discussing the matter with Plaintiff. Merely stating their position and requesting withdrawal of the KORA request does not satisfy City Defendants' requirement to "converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."

Despite City Defendants' failure to fulfill the meet-and-confer requirements, their motion is fully briefed (including the caselaw they earlier didn't give Plaintiff) and Plaintiff has fully responded to it, including citing caselaw in support of her position. Under these circumstances, the Court finds, in keeping with Fed. R. Civ. Pro. 1, that the most efficient course of action is to consider the motion on the merits. The Court therefore turns to the merits of the motion for a protective order.

## III.   City Defendants' Request for a Protective Order

The critical question here is limited: When a discovery stay is in place, can Plaintiff utilize KORA to receive case-related documents from the City of Overland Park, Kansas—the employer of City Defendants and a former Defendant in this case?

In deciding this issue, the Court is guided by an opinion in a similar case, issued by Magistrate Judge Kenneth G. Gale. In *Smith v. The City of Wellsville, KS, et al.*,[13] as in this case, a discovery stay was in place. The *Smith* plaintiff filed a KORA request with the City seeking documents relating to the litigation—as Plaintiff has done here. Upon motion, Judge Gale granted the defendants a protective order, holding, "The Court finds that allowing Plaintiff to

---

[13] No. 19-cv-2431-CM-KJJ, 2020 WL 584449 (D. Kan. Feb. 6, 2020).

conduct an open records request to a <u>party Defendant</u> during this window created by a hyper-technical application of the federal rules, would defeat the purpose and spirit of the court granting the initial stay."[14]  This case is distinguishable insofar as the City of Overland Park is no longer a Defendant and the claims against City Defendants are in their individual capacity. But the rationale remains the same; if a stay of discovery is in place, Plaintiff should not be able to pursue what would otherwise be considered discovery through another channel. The Court entered the discovery stay in December 2021 based on the Rule 1 considerations of what would best promote the just, speedy, and inexpensive management of this case. In imposing the stay, the Court did not intend or contemplate that the parties would incur discovery-related or similar expenses and time commitments while the motions to dismiss were pending. The other cases cited by City Defendants likewise support this rationale.[15]

Plaintiff argues that another decision by Judge Gale is controlling: *D.M. v. West Medical Center, LLC*.[16]  In *D.M.*, the plaintiff made a KORA request to the Kansas Health Care Stabilization Fund—a non-party. The defendant asked the court to enter a protective order, arguing that the responsive records "will likely reveal certain confidential information relating to Defendant Via Christi's finances and claims history. . . ."[17]  The issue was one of confidentiality; not whether the request violated a discovery stay. In fact, there was no stay in *D.M.* The KORA request was made to an outside agency, and Judge Gale held that any remedy available to

---

[14] *Id.* at *2 (emphasis in original).
[15] *See, e.g.*, *Martinez v. Carson*, 697 F.3d 1252 (10th Cir. 2012) (finding voluntary interviews of police officers violated discovery stay "if not technically, then in spirit"); *Marin v. King*, 720 F. App'x 923 (10th Cir. 2018) (same, following *Martinez*); *Lowe v. N.M. ex rel. King*, No. 10-315 JH/LFG, 2011 WL 13284675 (D.N.M. Oct. 3, 2011) (finding counsel's Inspection of Public Records Act requests constituted an improper "end run" to avoid a discovery stay).
[16] No. 18-cv-2158-KHV-KJJ, ECF No. 224 (Dec. 6, 2018).
[17] *Id.* at 2.

prevent disclosure under KORA would be through state court, not the federal *D.M.* case.

This Court finds *D.M.* more distinguishable from the instant case than *Smith*. Although Plaintiff voluntarily dismissed the City as a party by amending her Complaint, the KORA request to the City during a discovery stay still violates the spirit of the stay. The Court also finds the other cases cited by Plaintiff distinguishable, in that none of them involved a stay of discovery.[18] Finally, the Court rejects Plaintiff's position that City Defendants failed to show good cause for entry of a protective order. The Court found that a stay of discovery was appropriate pending ruling on dispositive motions that raised, among other arguments, qualified immunity.[19] The Court declines to require City Defendants to show additional good cause for enforcing that stay.

IT IS THEREFORE ORDERED THAT the Motion of City Defendants for Protective Order (ECF No. 65) is granted.

IT IS SO ORDERED.

Dated this 16th day of May, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[18] *See, e.g.*, *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132 (1975) (discussing Freedom of Information Act ("FOIA") requests, but not in the context of a discovery stay); *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500 (10th Cir. 1996) (considering the calculation of attorney's fees in a FOIA action, but not involving a stay of discovery); *Barvick v. Cisneros*, 941 F. Supp. 1015 (D. Kan. 1996) (considering a FOIA request denied based on a privacy exemption, but not involving a discovery stay).
[19] ECF No. 53.